**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1201-17T2

ANDRE COARD,

    Plaintiff-Appellant,

v.

OAKS INTEGRATED CARE, INC.,

    Defendant-Respondent.

_____

Submitted April 8, 2019 – Decided May 3, 2019

Before Judges Messano and Fasciale.

On appeal from Superior Court of New Jersey, Law Division, Burlington County, Docket No. L-1329-16.

Cohen Fineman, LLC, attorneys for appellant (Samuel B. Fineman, of counsel and on the brief).

Capehart & Scatchard, PA, attorneys for respondent (Joseph F. Betley and Sanmathi Dev, of counsel and on the brief).

PER CURIAM

Plaintiff Andre Coard appeals the Law Division's September 29, 2017 order granting defendant Oaks Integrated Care, Inc. summary judgment and dismissing plaintiff's claims with prejudice. Plaintiff, a former employee of defendant, alleges that he was terminated without cause and because of his race, in violation of the New Jersey Law Against Discrimination (LAD), N.J.S.A. 10:5-1 to -49.

## I.

Plaintiff, who is African-American, began working for defendant in 2014 as a residential assistant at defendant's group home, which provides services to autistic and developmentally challenged youth. Plaintiff's immediate supervisor reported directly to Colleen Mosco, the program supervisor. Plaintiff premised the allegation that he was terminated in 2016 because of his race on comments Mosco allegedly made questioning plaintiff's ability to afford certain "luxuries," such as designer jeans, sneakers, rental cars, and vacations. Plaintiff claimed these comments evidenced Mosco's racial stereotyping and led him to believe that Mosco had a negative opinion of African-American men. In his deposition, however, plaintiff said he "d[id] not have facts" demonstrating Mosco discriminated against him based on his race.

In December 2015, Mosco received an anonymous text message from another employee alleging plaintiff was "smoking marijuana outside of the group[]home" and left work to meet with strangers in the driveway of the group home. Mosco suspended plaintiff pending an investigation. Lola Heath, an employee in defendant's Human Resources Department, mailed plaintiff an unemployment benefits claim form and advised plaintiff over the telephone that he was eligible to collect unemployment benefits while suspended. However, the claim form indicated plaintiff's "[s]eparation" was "permanent." Plaintiff asserted defendant did this purposely, evidencing its intention to permanently terminate his employment. Plaintiff believed he was "fired" when he received the unemployment form.

Plaintiff voluntarily submitted to a drug test, which was negative. In his deposition, plaintiff acknowledged that he never called defendant after he received the unemployment form, or after he received the negative drug test results.

Mosco conducted and concluded an internal investigation within two weeks. She determined the allegations against plaintiff were unsubstantiated and that plaintiff was eligible to return to work. Mosco tried calling him to schedule his return on more than one occasion, but plaintiff testified in his

deposition that he did not return the calls. Heath also called plaintiff and left a voicemail, but he did not return her phone call. Instead, plaintiff sent a text message to Mosco with his attorney's contact information. On February 10, 2016, Heath sent a letter to plaintiff via certified mail terminating his employment due to his violation of defendant's attendance and conflict resolution policy.

Defendant moved for summary judgment. In a concise and thorough written statement of reasons, the motion judge determined that plaintiff's "subjective feelings of race-based discrimination" failed to demonstrate a prima facie violation of the LAD. The judge also decided that assuming arguendo plaintiff did demonstrate a prima facie case, defendant provided "two legitimate non-discriminatory reasons for [p]laintiff's dismissal," and plaintiff failed to provide any evidence to rebut those reasons. She entered the order under review.

On appeal, plaintiff argues that the judge erred by (1) finding that plaintiff failed to establish a prima facie case of racial discrimination under the LAD; (2) finding that defendant provided a legitimate, non-discriminatory reason for plaintiff's termination; and (3) relying on unpublished decisions for the proposition that subjective feelings of race-based bias do not establish a discriminatory inference.

4

II.

We review the grant of summary judgment de novo, applying the same standard used by the trial court, which

> mandates that summary judgment be granted "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact challenged and that the moving party is entitled to a judgment or order as a matter of law."
>
> [Templo Fuente De Vida Corp. v. Nat'l Union Fire Ins. Co. of Pittsburgh, 224 N.J. 189, 199 (2016) (quoting R. 4:46-2(c)).]

We also determine "whether the competent evidential materials presented, when viewed in the light most favorable to the non-moving party, are sufficient to permit a rational factfinder to resolve the alleged disputed issue in favor of the non-moving party." Davis v. Brickman Landscaping, Ltd., 219 N.J. 395, 406 (2014) (quoting Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 540 (1995)). We owe no deference to the trial court's legal analysis or interpretation of a statute. Palisades at Fort Lee Condo. Ass'n v. 100 Old Palisade, LLC, 230 N.J. 427, 442 (2017) (citing Zabilowicz v. Kelsey, 200 N.J. 507, 512 (2009)).

The LAD makes it illegal for an employer to discharge or discriminate against an employee on the basis of race. N.J.S.A. 10:5-12. "If direct evidence of discrimination is unavailable, a plaintiff may prove [his or] her claim by

5

circumstantial evidence." Grande v. St. Clare's Health Sys., 230 N.J. 1, 17 (2017). "To address the difficulty of proving discriminatory intent, New Jersey has adopted the procedural burden-shifting methodology" articulated by the United States Supreme Court in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973). Zive v. Stanley Roberts, Inc., 182 N.J. 436, 447 (2005). That burden-shifting paradigm requires:

> (1) the plaintiff must come forward with sufficient evidence to constitute a prima facie case of discrimination; (2) the defendant then must show a legitimate non-discriminatory reason for its decision; and (3) the plaintiff must then be given the opportunity to show that defendant's stated reason was merely a pretext or discriminatory in its application.
>
> [Henry v. N.J. Dep't of Human Servs., 204 N.J. 320, 331 (2010) (quoting Dixon v. Rutgers, The State Univ. of N.J., 110 N.J. 432, 442 (1988)).]

In an alleged discriminatory discharge case, "a plaintiff must prove that: (1) he was in the protected group; (2) he was performing his job at a level that met his employer's legitimate expectations; (3) he nevertheless was fired; and (4) the employer sought someone to perform the same work after he left." Zive, 182 N.J. at 450 (citing Clowes v. Terminix Int'l, Inc., 109 N.J. 575, 597 (1988)). As to the fourth element, in Williams v. Pemberton Township Public Schools, — also a race-based LAD case — we noted the federal courts' struggle in

determining the proper formulation of the fourth element and the varying results across the courts. 323 N.J. Super. 490, 501 (App. Div. 1999). We concluded that "[t]he appropriate fourth element of a plaintiff's prima facie case requires a showing that the challenged employment decision (i.e., failure to hire, failure to promote, wrongful discharge) took place under circumstances that give rise to an inference of unlawful discrimination." Id. at 502 (citing Texas Dep't of Cmty. Affairs v. Burdine, 450 U.S. 248, 253 (1981)).

Here, as the motion judge noted, the first three elements of plaintiff's prima facie case are undisputed. However, we agree that plaintiff failed to adduce any evidence that circumstantially raises an inference of unlawful discrimination. Plaintiff argues that he demonstrated a prima facie case of discrimination because he believed Mosco's comments about his lifestyle equated to "a heinous racial stereotype," which in turn led to his suspension and termination. However, "[t]o defeat a motion for summary judgment, the opponent must '"come forward with evidence" that creates a genuine issue of material fact.'" Cortez v. Gindhart, 435 N.J. Super. 589, 605 (App. Div. 2014) (quoting Horizon Blue Cross Blue Shield of N.J. v. State, 425 N.J. Super. 1, 32 (App. Div. 2012)). "Bare conclusory assertions, without factual support in the record, 'will not defeat a meritorious application for summary judgment.'"

Horizon Blue Cross Blue Shield, 425 N.J. Super. at 32 (quoting Brae Asset Fund, LP v. Newman, 327 N.J. Super. 129, 134 (App. Div. 1999)); accord Puder v. Buechel, 183 N.J. 428, 440-41 (2005) ("[C]onclusory and self-serving assertions by one of the parties are insufficient to overcome the [summary judgment] motion.").

At his deposition, plaintiff stated that Mosco did not reference his race when she allegedly made these comments. Importantly, plaintiff also stated that he did not have "any facts" to support his allegations that Mosco had racial animus against him or African-American males in general. In Oakley v. Wianecki, an LAD case alleging sexual harassment in the workplace, we said "unsubstantiated inferences and feelings" are insufficient to defeat a motion for summary judgment. 345 N.J. Super. 194, 201 (App. Div. 2001).

In Williams, we addressed a racial discrimination claim made by the plaintiff, a guidance counselor, against the defendant, the employer/school's principal. 323 N.J. Super. at 492-93. The plaintiff and the defendant did not have an amicable relationship, and after a meeting between the two, the defendant gave the plaintiff a list of areas that needed improvement. Id. at 493-94. The defendant told the plaintiff that she needed to "become more teachable." Id. at 494. We stated,

[t]hroughout her argument, [the] plaintiff refers to [the defendant]'s use of the word "teachable" and characterizes it as "overtly racial." We do not agree. [The defendant] employed that word to describe a perceived characteristic of [the] plaintiff's personality. Although more appropriate words may have been available (irrespective of the racial or ethnic background of the person to whom [the defendant] was speaking), the word "teachable" does not connote racial animus. To accept [the] plaintiff's characterization is to find a racial overtone in every conversation between a supervisor and an employee of different ethnic or racial backgrounds. <u>It would also permit an individual listener's subjective perception and reaction determine the objective question of the speaker's liability</u>. The law should not find divisions where none exist.

[<u>Id.</u> at 503 (emphasis added).]

Here, the undisputed record belies any inference of racial animus, much less termination based on invidious discrimination. Plaintiff admits that after his negative drug test and the completion of Mosco's internal investigation, Mosco contacted plaintiff to return to work. Plaintiff admits he never responded and simply never returned to work.

As a result, even were we to assume plaintiff met his burden of demonstrating a prima facie case of discrimination under the LAD, the judge properly determined that defendant provided legitimate, non-discriminatory reasons for plaintiff's termination and plaintiff failed to rebut those reasons. Under the <u>McDonnell Douglas</u> framework, plaintiff was required to come

9

forward with proof that defendant's reasons for termination were pretextual.  "To prove pretext, . . . a plaintiff must do more than simply show that the employer's reason was false; [the plaintiff] must also demonstrate that the employer was motivated by discriminatory intent."  Viscik v. Fowler Equip. Co., 173 N.J. 1, 14 (2002) (citing Erickson v. Marsh & McLennan Co., 117 N.J. 539, 561 (1990)) (An "employee can be fired for false cause or no cause at all.  That firing may be unfair but it is not illegal.").  "[T]he burden of proving that the employer intentionally discriminated remains at all times with the employee."  Grande, 230 N.J. at 19 (citing Jansen v. Food Circus Supermarkets, Inc., 110 N.J. 363, 383 (1988)).

In this regard, plaintiff points to the unemployment claim form and notes that defendant's representatives first claimed it was erroneously completed only shortly before being deposed in this litigation.  Any significance to this, however, is belied by plaintiff's own admission that he refused to answer defendant's calls for his return to work.  Given this admission, no rational factfinder could conclude the unemployment benefit form raises a genuine material factual dispute that plaintiff's termination was a pretext for discrimination.

The balance of plaintiff's arguments lack sufficient merit to warrant discussion in a written opinion. <u>R.</u> 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1201-17T2